UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Lyon Financial Services, Inc.,                                                     Civil No. 05-1820 (DWF/SRN)
a Minnesota corporation with its
principal offices in Marshall, Minnesota,
d/b/a The Manifest Group,

              Plaintiff,

v.                                                                      **MEMORANDUM**
                                                                             **OPINION AND ORDER**
Nowobilska Medical Center, Ltd.,
an Illinois Corporation, and Anna Nowobilska
and Jerry Szymanski, individually,

              Defendants.

_____

John D. Docken, Esq., US Bancorp Business Equipment Finance Group, and Kevin K. Stroup, Esq., Stoneberg Giles & Stroup, PA, counsel for Plaintiff.

Julia M. Dayton, Esq., and Curtis D. Smith, Esq., Moss & Barnett, PA, counsel for Defendants.

_____

**Introduction**

The above-entitled matter came before the undersigned United States District Judge on November 23, 2005, pursuant to a Motion to Dismiss Complaint or for a Change in Venue brought by Defendants Nowobilska Medical Center, Ltd., an Illinois Corporation and Anna Nowobilska and Jerry Szymanski, individually (collectively, the "Defendants"). For the reasons set forth below, Defendants' motion is denied.

**Background**

Defendant Nowobilska Medical Center, Ltd., ("NMC") entered into an Equipment Lease

Agreement ("Lease Agreement") with Bluedot Funding, LLC ("Bluedot") for the lease of certain computer equipment and computer software. Manchester Technologies, Inc. ("Manchester") was the vendor of the equipment and software. Defendants Anna Nowobilska ("Nowobilska") and Jerry Szymanski ("Szymanski") personally guaranteed the Lease Agreement. NMC is an Illinois corporation with its principal place of business in Chicago, Illinois. Doctors Nowobilska and Szymanski reside in Illinois.

The Lease Agreement, dated July 31, 2003, contains the following assignment provision:

> 11. ASSIGNMENT: YOU HAVE NO RIGHT TO SELL, TRANSFER, ASSIGN OR SUBLEASE THE EQUIPMENT OR THIS AGREEMENT. You understand that we, without prior notice, have the right to assign this Agreement to a financing source for financing purposes without your consent to such assignment. You understand that our assignee will have the same rights and benefits but they do not have to perform any of our obligations. You agree that the rights of assignee will not be subject to any claims, defenses, or setoffs that you may have against us.

(Affidavit of Alice Rolling in Support of Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss or, in the alternative, Transfer Venue ("Rolling Aff."), Ex. A at ¶ 2.) On August 8, 2003, Bluedot assigned all of its rights under the Lease Agreement to Plaintiff Lyon Financial Services, Inc., a Minnesota corporation with its principal offices in Marshall, Minnesota, d/b/a The Manifest Group ("Lyon"). (*Id.* at Ex. B.)

The Lease Agreement also contains the following forum selection clause:

> 15. LAW: This lease shall be deemed fully executed and performed in the State of California or in the home state of whoever holds the Lessor's interest as it may be assigned from time to time per paragraph 11. This lease shall be governed by and construed in accordance with the laws of the State of California or the laws of the home state of Lessor's assignee. You expressly and unconditionally consent to the jurisdiction and venue of any court in the State of California or the home state of Lessor's assignee and waive the right to trial by jury for any claim or action arising out of or relating to this

> Agreement or the Equipment. Furthermore, you waive the defense of Forum Non Conveniens.

(Rolling Aff., Ex. A at ¶ 15.)

In its Complaint (the "Complaint"), Lyon asserts that Defendants are in default under the Lease Agreement. Defendants request that the Court (1) dismiss the action for lack of personal jurisdiction or improper venue, or, (2) in the alternative, transfer the action to the Northern District of Illinois, Eastern Division.

## Discussion

### I. Standard of Review

When personal jurisdiction has been challenged, the plaintiff has the burden to show that personal jurisdiction exists. *See Burlington Indus., Inc. v. Maples Indus., Inc.*, 97 F.3d 1100, 1102 (8th Cir. 1996) (citing *Gould v. P.T. Krakatau Steel*, 957 F.2d 573, 575 (8th Cir. 1992)). However, to survive a motion to dismiss for lack of personal jurisdiction, the plaintiff need only make a prima facie showing of personal jurisdiction over the defendant. *Digi-Tel Holdings, Inc. v. Proteq Telecommunications (PTE), Ltd.*, 89 F.3d 519, 522 (8th Cir. 1996) (citing *Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A.*, 51 F.3d 1383, 1387 (8th Cir. 1995)). When considering whether personal jurisdiction exists, the court may consider matters outside the pleadings; "the court may inquire, by affidavits or otherwise, into the facts as they exist." *Stevens v. Redwing*, 146 F.3d 538, 543 (8th Cir. 1998) (quoting *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947)). For the purposes of determining whether the plaintiff has made a prima facie showing of personal jurisdiction, the court must view the evidence in the light most favorable to the plaintiff and

resolve all factual conflicts in the plaintiff's favor.  *See Digi-Tel*, 89 F.3d at 522 (citing *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1387 (8th Cir. 1991)).

**II.     Personal Jurisdiction**

In determining whether a court has personal jurisdiction over a non-resident defendant, a court must ordinarily satisfy both the requirements of the state long-arm statute and of federal due process. *See Digi-Tel*, 89 F.3d at 522 (citing *Northrup King*, 51 F.3d at 1387).  However, because the Minnesota long-arm statute extends jurisdiction to the maximum limit consistent with due process, a court in Minnesota need only evaluate whether the requirements of due process are satisfied.  *Wessels, Arnold & Handerson v. National Medical Waste, Inc.*, 65 F.3d 1427, 1431 (8th Cir. 1995). Therefore, when analyzing most personal jurisdiction questions in Minnesota, courts may simply apply the federal standards.  *Valspar Corp. v. Lukken Color Corp.*, 495 N.W.2d 408, 411 (Minn. 1992).

Federal due process requires that a defendant have "certain minimum contacts" with the forum state such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington, Office of Unemployment Comp. and Placement*, 326 U.S. 310, 316 (1945) (internal quotations omitted).  The defendant's conduct and connection with the forum state must be such that the defendant should reasonably anticipate being haled into court there.  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).  It is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws.  *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

In accordance with the basic principles of federal due process, the Eighth Circuit applies a five-factor test in determining whether the exercise of personal jurisdiction would pass constitutional muster: (1) the nature and quality of defendant's contacts with the forum state; (2) the quantity of contacts; (3) the source and connection of the cause of action with those contacts; and, to a lesser degree, (4) the interest of the forum state; and (5) the convenience of the parties. *See Wessels*, 65 F.3d at 1432. The first three factors are of primary importance, while the last two are "secondary factors." *Minnesota Min. and Mfg. Co. v. Nippon Carbide Indus. Co., Inc.*, 63 F.3d 694, 697 (8th Cir. 1995).

The third factor distinguishes between specific and general jurisdiction. *See Digi-Tel*, 89 F.3d at 523, n.4 (citing *Wessels*, 65 F.3d at 1432, n.4). Constitutional law distinguishes between "general" and "specific" jurisdiction cases. *Valspar*, 495 N.W.2d at 411. In a general jurisdiction case, a defendant maintains such "continuous and systematic" contacts with a state that it becomes subject to the jurisdiction of that state's courts for any purpose. *Morris v. Barkbuster, Inc.*, 923 F.2d 1277, 1281 (8th Cir. 1991) (quoting *Helicopteros Nacionales de Columbia v. Hall*, 466 U.S. 408, 414 n.9, 416, 418–19 (1984)); *Valspar*, 495 N.W.2d at 411. Specific jurisdiction requires that the defendant has "purposely directed" its activities at residents of the forum, and that the litigation results from alleged injuries that "arise out of or relate to" those activities. *Wessels*, 65 F.3d at 1432 (quoting *Burger King*, 471 U.S. at 472).

Defendants assert that the Court has neither general nor specific jurisdiction over them and that the forum selection clause is unenforceable. Lyon does not contest that the Court cannot exert personal jurisdiction over Defendants under the traditional "minimum contacts" analysis. Instead, Lyon asserts that the forum selection clause establishes Defendants' consent to personal jurisdiction in Minnesota for

5

disputes arising out of the Lease Agreement.

Eighth Circuit precedent has established that a party may consent to personal jurisdiction by entering a contract that contains a forum selection clause. *St. Paul Fire and Marine Ins. Co. v. Courtney Enters., Inc.*, 270 F.3d 621, 624 (8th Cir. 2001). Moreover, due process is satisfied when a defendant consents to personal jurisdiction in this way. *Dominium Austin Partners, L.L.C. v. Emerson*, 248 F.3d 720, 726 (8th Cir. 2001) (citing *Burger King*, 471 U.S. at 472 n.14). Therefore, the Court must address the parties dispute over the enforceability of the forum selection clause. The parties agree that the Court must analyze the enforceability of the forum selection clause under both state and federal law. Because this is an open question in the Eighth Circuit, the Court will analyze the enforceability of the forum selection clause under state and federal law. *See Rainforest Café, Inc. v. EklecCo, L.L.C.*, 340 F.3d 544, 546 (8th Cir. 2003).

### A. Federal Law

Under federal law, forum selection clauses are presumed valid. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 9-10 (1972); *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988); *Knutson v. Rexair, Inc.*, 749 F. Supp. 214, 217 (D. Minn. 1990). However, they will not be enforced if the forum selection clause is unreasonable or if the contract itself is one of adhesion. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 589 (1991); *Matthiessen v. National Trailer Convoy, Inc.*, 294 F. Supp. 1132, 1135 (D. Minn. 1968).

In determining whether a forum selection clause is reasonable, courts have looked to factors such as: (1) the law governing the contract; (2) where the contract was executed; (3) where the transactions are to be performed; (4) the availability of remedies in the designated forum; (5) the public

policy of the initial forum state; (6) the location of the parties, the convenience of prospective witnesses, and the accessibility of evidence; (7) the relative bargaining power of the parties and the circumstances surrounding their dealings; (8) the presence or absence of fraud, undue influence, or other extenuating circumstances; and (9) the conduct of the parties. 15 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3803.1 (2d ed. 1986) (citing *D'Antuano v. CCH Computax Sys., Inc.*, 570 F. Supp. 708, 712 (D. R.I. 1983)); *see also Kline v. Kwai America Corp.*, 498 F. Supp. 868, 871 (D. Minn. 1980) (analyzing factors).

   **1.**  **Governing Law**

  Defendants assert that they agreed that California law would govern disputes arising from the Lease Agreement. Further, Defendants assert that it was not foreseeable that Bluedot would assign its rights under the Lease Agreement to a Minnesota company, thereby subjecting Defendants to Minnesota law. Finally, Defendants assert that the forum selection clause is invalid because it contains a "floating venue" provision—that is, venue and jurisdiction may change upon assignment of the lease.

  Lyon asserts that the forum selection clause specifically provides that California law will apply to the Lease Agreement, unless the Lease Agreement is assigned, in which case the law of the home state of the lessor's assignee will apply. Further, Lyon cites *M.B. Restaurants, Inc., v. CKE Restaurants, Inc.*, 183 F.3d 750, 753 (8th Cir. 1999), for the proposition that this factor will not work to the moving party's advantage without some showing of bias, incompetency, or unwillingness by the jurisdiction chosen by the plaintiff to correctly apply the applicable law. Lyon also asserts that the "floating venue" provision does not nullify the clause because, under the Lease Agreement, only one forum is proper at any given time.

Here, Minnesota law governs the dispute. The forum selection clause provides that if Bluedot assigns its rights under the Lease Agreement, the law of the home state of the lessor's assignee will apply. Here, the lessor's assignee's home state is Minnesota. Thus, Minnesota law applies. Further, Defendants have made no allegations that the Court will be unable to correctly apply the applicable law. Finally, the "floating venue" provision does not render the clause invalid because only one forum is proper at any given time and because the lessor or assignee does not have freedom to choose its forum. *See Lyon Fin. Servs., Inc., v. Will H. Hall & Son Builders, Inc.*, No. 04-4383, 2005 WL 503371, at * 4 (D. Minn. March 4, 2005); *Lyon Fin. Servs., Inc. v. Powernet, Inc.*, No. 01-1089, 2001 WL 1640099, at *3 (D. Minn. Nov. 19, 2001). Therefore, this factor weighs in favor of Lyon.

### 2.     Residency of the Parties

Here, the Defendants reside in Illinois and Lyon resides in Minnesota. Defendants note that Bluedot is a California corporation with its principal place of business located in California and that Manchester is a Florida corporation with its principal place of business located in Florida. Lyon correctly counters, however, that Defendants agreed that they would not subject Lyon to any claims or defenses that they may hold against Bluedot or Manchester. (*See* Rolling Aff., Ex. A at ¶ 11 ("You [Defendants] agree that the rights of assignee [Lyon] will not be subject to any claim, defenses, or setoffs that you may have against us [Bluedot].") This factor does not weigh in favor of either party.

### 3.     Place of Execution/Performance of the Contract

Lyon concedes that, although the Lease Agreement states that it is executed and performed in California, the Lease Agreement was signed by Defendants in Illinois. Further, Lyon does not contest that the Lease Agreement's primary place of performance is Illinois. Therefore, this factor weighs in

8

favor of Defendants.

### 4. Location of Parties and Witnesses

Defendants are located in Illinois and Lyon is located in Minnesota. Defendants assert its witnesses and the physical evidence are located in Illinois. Lyon, on the other hand, asserts that it does not matter where the witnesses to the performance of the leased equipment and software are located, because the performance of the equipment and software is not at issue in this dispute. Lyon asserts that performance may be an issue between Defendants and Bluedot and Manchester, but asserts that Defendants expressly agreed not to subject Lyon to claims or defenses it may have against Bluedot. Further, Lyon asserts that Defendants expressly agreed to continue to perform under the terms of the Lease Agreement "REGARDLESS OF ANY CLAIM OR COMPLAINT AGAINST THE SUPPLIER." (Rolling Aff., Ex. A at ¶ 5.) Finally, Lyon asserts that the only physical evidence in this dispute is the Lease Agreement.

The Court finds that this factor does not weigh in favor of either party. The Lease Agreement prohibits Defendants from raising defenses or claims that it may have against Bluedot in this dispute. Here, the issue is whether Defendants' failed to make payments due under the Lease Agreement. Thus, few witnesses will be needed to resolve this dispute.

### 5. Inconvenience to the Parties

Nowobilska and Szymanski assert that they will have to leave their medical practice in Illinois to litigate in Minnesota. They further assert that because their skills as medical doctors are unique, they are required to perform daily tasks in their clinic that cannot be delegated. Lyon admits that Nowobilska and Szymanski will be required to leave their medical practice when this

9

matter goes to trial. Lyon, however, asserts that Nowobilska and Szymanski, at the very least, anticipated having to litigate any disputes under the Lease Agreement in California pursuant to the forum selection clause. According to Lyon, it cannot be more inconvenient to litigate this matter in Minnesota than it would be to litigate it in California. Additionally, Lyon asserts that the trial in this matter is only anticipated to take one day.

The Court finds that this factor weighs in favor of Lyon. Assuming that Nowobilska and Szymanski plan to testify at trial, they will have to miss a short amount of work regardless of whether the trial occurs in Illinois or in Minnesota. Given the short travel time from Illinois to Minnesota and the anticipated short trial length, Nowobilska and Szymanski do not stand to miss much work. Further, given the fact that Nowobilska and Szymanski anticipated having to litigate any issues arising under the Lease Agreement in California, this factor does not weigh in their favor given that Minnesota is closer to Illinois than California is to Illinois.

### 6. Whether the Parties Equally Bargained for the Provision

Defendants assert that the Lease Agreement was not equally bargained for and suggest that it is a standardized adhesion contract. Defendants assert that the Lease Agreement is a standard boilerplate contract that was presented to Defendants on a "take it or leave it" basis. Lyon asserts that Defendants are sophisticated because they have created a multi-clinical medical practice. Lyon also asserts that, while the Lease Agreement may be boilerplate, Defendants have failed to demonstrate that the leased computer equipment and software could not be obtained elsewhere.

Here, the Lease Agreement is boilerplate, and there is no evidence that the parties negotiated the forum selection clause. On the other hand, Defendants are sophisticated equals. Nowobilska and

Szymanski have created a multi-clinic medical practice and presumably negotiate business deals in connection with their practice. Thus, this factor does not weigh in favor of either party.

After careful consideration of the above factors, the Court finds that Defendants have not demonstrated that the forum selection clause is unenforceable. Therefore, the Court finds that the forum selection clause must be enforced under federal law.

**B.     State Law**

Under Minnesota law, a forum selection clause may be invalidated if: "(1) the chosen forum is a seriously inconvenient place for trial; (2) the choice of forum agreement is one of adhesion; or (3) the agreement is otherwise unreasonable." *Hauenstein & Bermeister, Inc. v. Met-Fab Indus., Inc.,* 320 N.W.2d 886, 890 (Minn. 1982).

Defendants assert that Minnesota is a seriously inconvenient place for trial because having the trial here would result in two or more lawsuits involving similar claims being tried in separate courts. Defendants assert that they have potential claims against Bluedot and Manchester that they would be forced to address in a separate action in Illinois. Defendants assert that the Lease Agreement is a contract of adhesion because it was presented on a take-it-or-leave-it basis, resulted from the parties' unequal bargaining power, and contained the forum selection clause in small print on the back of a lengthy form. Finally, Defendants assert that the Lease Agreement is otherwise unreasonable because the forum selection clause contains a "floating venue" provision.

The Court finds that Minnesota is not a seriously inconvenient place for trial. The issue, here, is limited to Defendants' alleged failure to pay Lyon under the terms of the Lease Agreement. Further, Defendants expressly agreed not to assert claims it may have against Bluedot against Lyon. Defendants

11

may have to face multiple lawsuits, but they contracted to handle the claims separately.

Next, the Court finds that the Lease Agreement is not a contract of adhesion. An adhesion contract "is drafted unilaterally by a business enterprise and forced upon an unwilling and often unknowing public for services that cannot readily be obtained elsewhere. It is a contract generally not bargained for, but which is imposed on the public for necessary service on a 'take it or leave it' basis." *Schlobohm v. Spa Petite, Inc.*, 326 N.W.2d 920, 924 (Minn. 1982) (internal citations omitted). The Court finds that Defendants were sophisticated equals to the transaction. NMC, as a business entity, is presumed to approach business dealings with sophistication. *See Hauenstein*, 320 N.W.2d at 891. Further, the Court rejects Defendants' assertion that the forum selection clause is obscure. The Lease Agreement is only six pages long and the size of the print in the forum selection clause is the same size as most of the other print in the Lease Agreement.

Finally, the Court finds that the Lease Agreement is not otherwise unreasonable. The Court rejects the Defendants' assertion that the forum selection clause is invalidated by the "floating venue" provision contained therein. Here, the clause does not give Bluedot's assignee the discretion to bring an action in any state. Rather, the forum selection clause states that the Defendants submit to "the home state of Lessor's assignee." (Rolling Aff., Ex. A at ¶ 15.) Therefore, only one forum is proper at any given time.

The Court finds that the forum selection clause is enforceable under both federal and Minnesota law. Accordingly, the Court finds that Defendants consented to personal jurisdiction in Minnesota.

**II.     Venue**

The current action was brought in the District of Minnesota pursuant to 28 U.S.C. § 1391(a)

which provides that:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in: (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Defendants assert that venue is improper in Minnesota. Lyon contends that venue is proper in Minnesota pursuant to the forum selection clause. The forum selection clause delineates "[y]ou expressly and unconditionally consent to the jurisdiction and venue of any court in the State of California or the home state of Lessor's assignee[.]" (Rolling Aff., Ex. A at ¶ 15.) Having decided that the forum selection clause is enforceable under federal and Minnesota law, the Court finds venue in Minnesota to be proper because the parties negotiated an enforceable forum selection clause, rendering venue in Minnesota to be appropriate. The Court declines to create a contract for which neither party bargained nor to eviscerate a contract for which sufficient bargain was made.

### III.   Transfer

Alternatively, Defendants contend that pursuant to 28 U.S.C. § 1404(a), the Court should transfer the case to the Northern District of Illinois, Eastern Division. Section 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."
Generally, transfer under section 1404(a) "should not be freely granted." *In re Nine Mile Ltd.*, 692 F.2d 56, 61 (8th Cir. 1982), overruled on other grounds, *Missouri Housing Development Com'n v. Brice*, 919 F.2d 1306, 1310–11 (8th Cir. 1990). The party seeking transfer bears the burden of proof

13

to show that the balance of factors "strongly" favors the movant. *United Mortg. Corp. v. Plaza Mortg. Corp.*, 853 F. Supp. 311, 315 (D. Minn. 1994). In considering a motion to transfer pursuant to section 1404(a), the Court must consider "a number of case-specific factors," such as the presence or absence of a forum selection clause, convenience of the parties and witnesses, access to sources of proof, and the interests of justice. *Stewart Org.*, 487 U.S. at 29.

      **A.**      **Convenience of Parties**

A presumption in favor of plaintiff's choice of forum exists. *Christensen Hatch Farms, Inc. v. Peavey Co.*, 505 F. Supp. 903, 911 (D. Minn. 1981). Section 1404(a) provides for transfer to a more convenient forum, "not to a forum likely to prove equally convenient or inconvenient, and a transfer should not be granted if the effect is simply to shift the inconvenience to the party resisting the transfer." *Graff v. Qwest Communications Corp.*, 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 646 (1964)).

Defendants assert that it would be incredibly inconvenient for them to litigate in Minnesota because it would require Nowobilska and Szymanski to be gone "for days on end" from their medical practice to attend hearings, depositions, and trial. (Defendants' Memorandum of Law in Support of Motion to Dismiss Complaint or for a Change in Venue at 18.) Defendants also allege that litigating in Illinois would be significantly less inconvenient for Lyon than litigating in Minnesota would be for Defendants. Defendants assert that Lyon is not dependent on the specific talents and expertise of any individual to keep the business running. Lyon, on the other hand, asserts that if venue is transferred to Illinois, the inconvenience merely shifts to Lyon because critical employees would be away from their desks. Lyon also asserts that any discovery it requires will occur at the location of Defendants'

business, under the rules of evidence, and that this case will require a relatively short trial.

Here, Defendants have not alleged that, should venue remain in Minnesota, they will be unable to adequately defend their rights or be deprived of their day in court. *See Dominium*, 248 F.3d at 727 (holding that the party seeking transfer must show that litigating in the contractual forum to which he agreed will be "so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court.")  The Court finds that transferring venue to Illinois would merely shift the inconvenience to Lyon.  Thus, the Court finds that this factor does not weigh in favor of transfer.

### B.     Convenience of Witnesses

The convenience of witnesses is an important factor for the Court and the parties because it determines the "relative ease of access to sources of proof." *Nelson v. Master Lease Corp.*, 759 F. Supp. 1397, 1402 (D. Minn. 1991) (quotation omitted).  In considering the issue of convenience to witnesses, courts have focused on a number of factors including the number of non-party witnesses, the location of all witnesses, and the preference of courts for live testimony as opposed to depositions. *Graff*, 33 F. Supp. 2d at 1121 (citing *Van Dusen*, 376 U.S. at 646).

Defendants assert that most potential witnesses are located in Illinois.  However, Defendants have not identified any witnesses besides Nowobilska and Szymanski.   Moreover, Defendants' assertion that Bluedot and Manchester may be witnesses is not compelling because these companies are located outside of both Minnesota and Illinois.  Further, any claims Defendants may have against Bluedot or Manchester are not appropriate defenses to this breach of lease dispute pursuant to the Lease Agreement.  On the other hand, Lyon has not identified any witnesses.  Thus, the Court finds that this factor does not weigh strongly in favor of either party.

### C.     Interests of Justice

The Court must also evaluate what venue will best promote the interests of justice. *Graff*, 33 F. Supp. 2d at 1122. A number of relevant considerations include relative familiarity with the law to be applied, the relative ability of the parties to bear the expenses of litigating in a distant forum, judicial economy, and the plaintiff's choice of forum. *Id.*

Defendants assert that litigating this matter in Minnesota would hinder their ability to earn a living and sacrifice the patient care that they provide. Defendants also note that the cause of action arises out of the Lease Agreement, which Defendants executed in Illinois. Lyon contends that Minnesota law applies and that judges sitting in Minnesota can more effectively apply Minnesota law than judges sitting elsewhere. Lyon also contends that, because NMC is a sophisticated business, spending a small amount of time in Minnesota to litigate this matter will not compromise its viability. Finally, Lyon asserts that its exercise of the valid and enforceable forum selection clause by starting this litigation in Minnesota is a significant factor weighing against transfer of venue to Illinois.

The Court finds that the expense of litigating this case should be minimal to both parties because it is not expected to result in a long trial. Therefore, litigating the dispute in Minnesota should not hinder Defendants' ability to earn a living and sacrifice the patient care that they provide. While the cause of action arose in Illinois, this factor is mitigated by the fact that the Defendants entered the Lease Agreement with its valid forum selection clause. Thus, the Court assumes that Defendants contemplated litigating disputes arising out of the Lease Agreement in this forum. Defendants have not alleged that the Court is not familiar with the law to be applied. The parties agree that the administrative burden on either court will be similar.

For the foregoing reasons, the Court finds that the interests of justice considerations do not weigh in favor of transfer.

Defendants have not met their burden of demonstrating that the balance of factors strongly favors their request to transfer the case to a court in the Northern District of Illinois, Eastern Division. Therefore, the Court denies Defendant's transfer request.

Accordingly, **IT IS HEREBY ORDERED THAT:**

1. Defendants Nowobilska Medical Center, Ltd., Anna Nowobilska, and Jerry Szymanski's Motion to Dismiss Complaint or for a Change in Venue (Doc. No. 3) is **DENIED.**

Dated:  December 22, 2005             s/Donovan W. Frank
                                       DONOVAN W. FRANK
                                       Judge of United States District Court